**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**
**AT HARRISBURG**

| | |
|---|---|
| STEPHANIE SILVIS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>WEST SHORE HOME, LLC,<br><br>Defendant. | No. 1:26-cv-01168-KMN<br><br>Honorable District Judge Keli M. Neary |

**JOINT CASE MANAGEMENT PLAN**

Having complied with the meet and confer requirements set forth in the Local Rules, and with any orders specifically modifying their application in the above-captioned matter, the parties hereby submit the following Joint Case Management Plan in accordance with the deadline set forth in the Court's July 7, 2026, Scheduling Order (ECF No. 15) at paragraph 3.

**1. Principal Issues**

**1.1 Separately for each party, please give a statement summarizing this case:**

**By plaintiff(s):**

Plaintiff Stephanie Silvis brings this putative class action under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(c)(5), alleging that Defendant West Shore Home, LLC made telephone solicitations to her cellular telephone number despite her number being registered on the National Do Not Call Registry. Plaintiff seeks statutory damages and injunctive relief on behalf of herself and a proposed class of similarly situated consumers who received telephone solicitations from Defendant despite their registration on the National Do Not Call Registry.

Plaintiff seeks to represent the following National Do-Not-Call Registry Class: All persons

in the United States (1) whose telephone numbers were on the National Do-Not-Call Registry for at least 31 days; (2) but then received two or more telephone calls from, or on behalf of, Defendant; (3) during a 12-month period; and (4) within four years prior to the commencement of this litigation and up until the date of trial.

Defendant filed an answer admitting facts foundational to Plaintiff's claim, including that it called Plaintiff on September 15, 2025 at 8:43 a.m. PST and September 16, 2025, at 8:12 a.m. PST. Defendant has also asserted counterclaims for defamation and defamation per se based on a September 16, 2025 Facebook post by Plaintiff concerning telephone calls she received. Plaintiff has moved to dismiss the counterclaims under Federal Rule of Civil Procedure 12(b)(6) and to strike Defendant's demand for attorney's fees under Rule 12(f).

**By defendant(s):**

West Shore Home denies all allegations of wrongdoing, denies that it violated the Telephone Consumer Protection Act, and denies that plaintiff or any putative class member is entitled to relief by reason of any allegations in the complaint and denies that the Court can or should certify a class. West Shore Home received prior express written consent to call plaintiff's number. West Shore Home has records reflecting that, on September 15, 2025 (the date that plaintiff alleges she received the first call over which she sues), plaintiff completed a lead form on a website and input her name, telephone number, home address, and email address, and consented to receiving telemarketing calls and texts. This consent, in turn, overrides any placement of her phone number on the national Do-Not-Call Registry and vitiate her TCPA claim. Additionally, West Shore Home's routine business practice is to only call persons who provided prior express written consent to receive calls from West Shore Home. Thus, even if for some reason plaintiff disputes she consented, she cannot certify any class because West Shore Home possesses evidence

that class members consented. Her unique circumstances, and predominance of individualized issues respecting consent, are two of many other reasons precluding class certification in this case.

West Shore Home filed a counterclaim against Silvis for defamation (Count I) and defamation per se (Count II), alleging that Silvis published a Facebook post on September 16, 2025, falsely stating West Shore Home called her eight times in five minutes, calling her at 6:00 a.m., and continuing to call after she asked to the calls to stop. These statements are defamatory because they are false; Silvis knew or should have known they were false; and the post caused West Shore Home reputational harm and out-of-pocket expenses. Through its counterclaim, West Shore Home seeks actual and special damages.

**1.2 The facts the parties DISPUTE are as follows:**

- Whether Defendant's conduct violated the TCPA.
- Whether Defendant established and implemented reasonable practices and procedures sufficient to prevent telephone solicitations in violation of the TCPA and applicable regulations.
- The nature, scope, and operation of Defendant's telemarketing practices, including its calling policies, procedures, systems, vendors, records, and compliance practices.
- The number and identities of persons who received telephone solicitations from Defendant despite having telephone numbers registered on the National Do Not Call Registry.
- Whether Plaintiff and/or putative class members entered into agreements containing arbitration provisions or class-action waivers, and the applicability and enforceability of any such provisions.
- Whether Plaintiff provided Defendant with consent to receive the calls at issue and, if so, the scope and validity of any such consent.

- Whether Plaintiff made an inquiry concerning Defendant's services before receiving the calls at issue and the legal effect of any such inquiry.
- Whether Plaintiff's Facebook post was defamatory, including whether any statements contained therein were false or substantially true, whether the statements caused any actionable harm to Defendant.
- Whether Plaintiff's Facebook post caused Defendant any harm, and if so, the extent of any damages allegedly suffered by Defendant as a result of the Facebook post.

**The facts the parties AGREE upon are as follows:**

- West Shore Home is a limited liability company, organized under the laws of Pennsylvania, with its corporate headquarters in Mechanicsburg, Pennsylvania.
- West Shore Home is a home remodeling company that provides bathroom remodeling services and window, door, and floor replacement services to residential customers.
- Plaintiff's name is Stephanie Silvis.
- Defendant called Plaintiff on September 15, 2025, at 8:43 a.m. PST and September 16, 2025, at 8:12 a.m. PST, neither of which Plaintiff answered.
- Plaintiff's cell phone number that received the calls over which she sues is 724-840-XXXX.Plaintiff called Defendant to request Defendant stop calling Plaintiff, and Defendant did not call Plaintiff after her request.
- Plaintiff complained on Facebook about Defendant's calls and calls unrelated to Defendant.
- Plaintiff subsequently removed the Facebook post following communications from Defendant demanding removal.

**1.3 The legal issues the parties DISPUTE are as follows:**

- Whether Defendant violated the TCPA, including 47 U.S.C. § 227(c)(5) and applicable regulations, by making telephone solicitations to Plaintiff and/or putative class members whose telephone numbers were registered on the National Do Not Call Registry.
- Whether the proposed class satisfies Federal Rule of Civil Procedure 23, including Rule 23(a) and Rule 23(b).
- Whether damages are available on a classwide basis.
- Whether Defendant's alleged policies and procedures or Plaintiff's purported consent provide a defense to Plaintiff's TCPA claim.
- Whether Plaintiff and/or putative class members are subject to enforceable arbitration provisions and/or class-action waivers.
- Whether Defendant's counterclaims for defamation and defamation per se state claims upon which relief may be granted.
- Whether Defendant has adequately pleaded reputational or special damages in support of its counterclaims.
- Whether Defendant may recover attorney's fees as out-of-pocket expenses / compensatory damages incurred in connection with obtaining removal of plaintiff's Facebook post.
- Whether Defendant is required to plead actual malice in connection with its defamation claims.

**The legal issues the parties AGREE upon are as follows:**

- The Court has subject-matter jurisdiction.
- This action is brought as a putative class action under Fed. R. Civ. P. 23.
- Venue is proper.

**1.4 Identify any unresolved issues as to service of process, personal jurisdiction, subject matter jurisdiction, or venue:**

None at this time.

**1.5 Identify any named parties that have not yet been served:**

None.

**1.6 Identify any additional parties that:**

**Plaintiff(s) intends to join:**

None at this time, although Plaintiff reserves the right to add additional parties as may be appropriate based on information obtained through discovery and as permitted by the Federal Rules of Civil Procedure.

**Defendant(s) intends to join:**

None at this time, although Defendant reserves the right to add additional parties as may be appropriate based on information obtained through discovery and as permitted by the Federal Rules of Civil Procedure and this Court's orders.

**1.7 Identify any additional claims that:**

**Plaintiff(s) intends to add:**

None at this time, although Plaintiff reserves the right to add additional claims as may be appropriate based on information obtained through discovery and as permitted by the Federal Rules of Civil Procedure.

**Defendant(s) intends to add:**

None at this time, although Defendant reserves the right to add additional claims as may be appropriate based on information obtained through discovery and as permitted by the Federal Rules of Civil Procedure and this Court's orders.

## 2.0 Disclosures

The undersigned counsel certify that they have made the initial disclosures required by Federal Rule of Civil Procedure 26(a)(1) or that they will do so within the time provided by that rule.

The parties agree to make the initial disclosures within 14 days after the parties' Rule 26(f) conference, or by October 2, 2026.

**2.1 Separately for each party, list by <u>name and title/position</u> each person whose identity has been disclosed.**

**Disclosed by <u>Plaintiff</u>:**

| <u>Name</u> | <u>Title/Position</u> |
|---|---|
| Stephanie Silvis | Plaintiff |
| Unidentified employees employees or vendors of Defendant | Unknown |

**Disclosed by <u>Defendant</u>:**

| <u>Name</u> | <u>Title/Position</u> |
|---|---|

Defendant has not yet made its Initial Disclosures but will do so in accordance with the deadline set forth in this joint report.

## 3.0 Early Motions

Identify any motion(s) whose early resolution would <u>likely</u> have a significant effect either on the scope of discovery or other aspects of the litigation:

| <u>Nature of Motion</u> | <u>Moving Party</u> | <u>Anticipated Filing Date</u> |
|---|---|---|
| Plaintiff's Motion to Dismiss | Plaintiff | Filed September 10, 2026 |
| Defendant's Counterclaims | Defendant | |

**4.0 Discovery**

**4.1 Briefly describe any discovery that has been completed or is in progress:**

**By Plaintiff(s):** Following the parties' Rule 26(f) conference, Plaintiff issued discovery concerning Defendant's telemarketing practices, including the calls to Plaintiff, Defendant's policies and procedures concerning the National Do Not Call Registry, consent and inquiry practices, records concerning calls to Plaintiff and putative class members, and the systems and personnel involved in Defendant's telemarketing operations.

Plaintiff also anticipates discovery concerning Defendant's counterclaims, including the Facebook post, its alleged publication and reach, the factual basis for Defendant's allegations of falsity and actual malice, and the damages Defendant claims to have sustained.

**By Defendant(s):** Defendant has commenced discovery following the Rule 26(f) conference by serving interrogatories and document requests on plaintiff.

**4.2 Describe any <u>discovery</u> that all <u>parties agree</u> should be conducted, indicating for each discovery undertaking its purpose or what kinds of information will be developed through it (e.g., "plaintiff will depose Mr. Jones, defendant's controller, to learn what defendant's revenue recognition policies were and how they were applied to the kinds of contracts in this case"):**

- The telephone calls made to Plaintiff, including call records, originating numbers, dates, times, duration, and the systems or vendors responsible for the calls.
- Defendant's telemarketing policies and procedures, including procedures concerning the National Do Not Call Registry, internal do-not-call requests, consent, inquiries, and compliance with the TCPA.
- Defendant's records concerning Plaintiff and the putative class, including information sufficient to identify persons who received covered calls and the circumstances under which those calls were made.

- Defendant's asserted consent and inquiry defenses, including the source, content, date, and circumstances of any consent or inquiry attributed to Plaintiff or putative class members.
- Defendant's assertion that Plaintiff and/or putative class members agreed to arbitration or class-action waivers, including the agreements on which Defendant relies and the manner in which they allegedly apply to the claims at issue.
- Discovery necessary to determine the requirements for class certification, including the ascertainability of the proposed class, numerosity, commonality, typicality, adequacy, predominance, and superiority.
- The factual basis for Defendant's counterclaims, including the Facebook post, its publication, reach, alleged falsity, and Defendant's claimed damages.
- How plaintiff, someone on her behalf, and/or someone incentivized to cause West Shore Home to call her, provided consent for West Shore Home to call her including through completing an Internet web form.
- Each party will be deposed and each party will respond to written discovery requests, which will include discovery related to the propriety of class certification and whether plaintiff consented to receive the calls over which she is suing and whether plaintiff's September 16, 2025, Facebook post was defamatory.
- Discovery concerning consent may include third-party discovery on plaintiff's cell phone carriers and internet service providers.

**4.3 Describe any discovery that one or more parties want(s) to conduct but to which another party objects, indicating for each such discovery undertaking its purpose or what kinds of information would be developed through it:**

None at this time.

**4.4 Identify any subject area limitations on discovery that one or more parties would like imposed, at the first stage of or throughout the litigation:**

None at this time.

**4.5 For each of the following discovery tools, recommend the per-party or per-side limitation (specify a number) that should be fixed, subject to later modification by stipulation or court order on an appropriate showing (where the parties cannot agree, set forth separately the limits recommended by plaintiff(s) and by defendant(s)):**

**4.5.1 depositions (excluding experts) to be taken by:**

plaintiff(s): 5 defendant(s): 5

**4.5.2 interrogatories to be served by:**

plaintiff(s): 25 defendant(s): 25

**4.5.3 document production requests to be served by:**

plaintiff(s): 30 defendant(s): 30

**4.5.4 requests for admission to be served by:**

plaintiff(s): 30 defendant(s): 30

**4.6 Discovery of Electronically Stored Information**

**X** Counsel certify that they have conferred about the matters addressed in M.D. Pa LR 26.1 and that they are in agreement about how those matters will be addressed in discovery.

__ Counsel certify that they have conferred about the matters addressed in M.D. Pa. LR 26.1 and that they are in agreement about how those matters will be addressed in discovery with the following exceptions:

**5.0 Protective Order**

**5.1 If entry of a protective order is sought, attach to this statement a copy of the proposed order. Include a statement justifying the propriety of such a protective order under existing Third Circuit precedent.**

Defendant's proposed joint stipulated protective order is attached hereto. Plaintiff received the proposed order on September 16, 2026, and will provide any proposed redlines to Defendant promptly.

**5.2 If there is a dispute about whether a protective order should be entered, or about certain terms of the proposed order, briefly summarize each party's position below:**

**6.0 Scheduling**

**6.1 Final date for joining additional parties:**

Plaintiff: March 23, 2027

Defendant: March 23, 2027

**6.2 Final date for amending pleadings:**

Plaintiff: November 30, 2026

Defendant: November 30, 2026

**6.3 All fact discovery commenced in time to be completed by**: April 23, 2027

**6.4 All potentially dispositive motions should be filed by**: November 23, 2027

**6.5 Reports from retained experts due:**

from plaintiff by: May 24, 2027

from defendant by: June 23, 2027

**6.6 Supplementations due:** August 23, 2027

**6.7 All expert discovery commenced in time to be completed by**: September 13, 2027

**6.8 This case may be appropriate for trial in approximately:**

____ 240 Days from the filing of the action in this court

____ 365 Days from the filing of the action in this court

**547** Days from the filing of the action in this court

**6.9 Suggested Date for the final Pretrial Conference:**

TBD (month/year) - The parties propose that the trial date is approximately 18 months following the case management conference, and that it is set following the Court's ruling on class certification.

**6.10 Trial**

**6.10.1 Suggested Date for Trial:**

______________ (month/year)

**7.0 Certification of Settlement Authority (All Parties Shall Complete the Certification)**

I hereby certify that the following individual(s) have settlement authority.

**For plaintiff:**

Anthony Paronich
Name

Lead Counsel for Plaintiff
Title

350 Lincoln St. Suite 2400
Hingham, MA 02043
Address

(617) 485 - 0018
Daytime Telephone

Carly M. Roman
Name

Counsel for Plaintiff
Title

980 N. Michigan Ave. Suite 1610
Chicago, IL 60611
Address

(872) 263 - 1100
Daytime Telephone

Stephanie Silvis
Name

Plaintiff
Title

Contact through counsel
Address

**For defendant:**

Shannon Gierasch
Name

General Counsel of West Shore Home, LLC
Title

Contact through defendant's counsel.
Address

Contact through defendant's counsel
Daytime Telephone

**8.0 Alternative Dispute Resolution ("ADR")**

**8.1 Identify any ADR procedure to which this case already has been assigned or which the parties have agreed to use.**

ADR procedure Private Mediation
Date ADR to be commenced: To be determined
Date ADR to be completed: January 31, 2027

**8.2 If the parties have been unable to agree on an ADR procedure, but one or more parties believe that the case is appropriate for such a procedure, identify the party or parties that recommend ADR and the specific ADR process recommended:**

Not applicable.

**8.3 If all parties share the view that no ADR procedure should be used in this case, set forth the basis for that view:**

Not applicable.

**9.0 Consent to Jurisdiction by a Magistrate Judge**

**Indicate whether all parties agree, pursuant to 28 U.S.C. 636(c)(1), to have a magistrate judge preside as the judge of the case with appeal lying to the United States Court of Appeals for the Third Circuit:**

All parties agree to jurisdiction by a magistrate judge of this court:

__Y

**X** N.

If parties agree to proceed before a magistrate judge, please indicate below which location is desired for the proceedings: - N/A.

_____ Scranton/Wilkes-Barre

_____ Harrisburg

______Williamsport

**10.0 Other Matters**

**Make any other suggestions for the case development process, settlement, or trial that may be useful or necessary to the efficient and just resolution of the dispute.**

The parties propose that Plaintiff's motion for class certification be filed concurrently with

Plaintiff's initial expert report on **May 24, 2027**, with Defendant's opposition to class certification and expert report due **June 23, 2027**, and Plaintiff's reply due **July 23, 2027**. Expert discovery shall be completed by **September 13, 2027**. The parties further propose that potentially dispositive motions be filed after completion of class-certification briefing.

The parties agree that all written discovery requests and responses thereto may be served exclusively by electronic mail.

The parties also agree that initial disclosures and discovery may be served electronically only in accordance with Fed. R. Civ. P. 5(b)(2)(E).

**11.0 Identification of Counsel**

Counsel shall be registered users of the court's Electronic Case Files System (ECF) and shall file documents electronically in accordance with the Local Rules of Court and the Standing Order RE: Electronic Case Filing Policies and Procedures. Electronic filing is required unless good cause is shown to the Chief Judge why counsel cannot comply with this policy. Any request for waiver of electronic filing must be filed with the Clerks Office prior to the case management conference. The Chief Judge may grant or deny such request.

**Identify by name, address, and telephone number lead counsel for each party. Also please indicate ECF User status below.**

**Attorney(s) for Plaintiff**
Anthony Paronich *(pro hac vice) – Lead Counsel*
Paronich Law, P.C.
350 Lincoln St. Suite 2400
Hingham, MA 02043
Tel: 617-485-0018
Email:Anthony@paronichlaw.com

Jeremy C. Jackson
Bower Law Associates, PLLC

403 South Allen Street Suite 210
State College, PA 16801
T: 814-234-2626 Email:Jjackson@bower-Law.com

Carly Roman
Strauss Borrelli PLLC
980 N. Michigan Ave. Suite 1610
Chicago, IL 60611
T: 872-263-1100
Email: Croman@straussborrelli.com

**X** ECF User(s)
No Waiver requested (as separate document)
N/A Fed.R.Civ.P.7.1 (statement filed if necessary)*

**Attorneys(s) for Defendant(s)**
Ari N. Rothman
600 Massachusetts Avenue, NW
Washington, DC 20001
Tel: (202) 344-4220
Email: anrothman@venable.com

**X** ECF User(s)
No Waiver requested (as separate document)
N/A Fed.R.Civ.P.7.1 (statement filed if necessary)*

*[Counsel signatures to follow on next page.]*

Date: September 18, 2026

/s/ Carly M. Roman
Carly M. Roman (*pro hac vice*)
**STRAUSS BORRELLI PLLC**
980 N. Michigan Avenue, Suite 1610
Chicago, Illinois 60611
T: (872) 263-1100
F: (872) 263-1109
croman@straussborrelli.com

Jeremy C. Jackson (PA Bar No. 321557)
**BOWER LAW ASSOCIATES, PLLC**
Bower Law Associates, PLLC
403 South Allen Street - Suite 210
State College, PA 16801
T: 814-234-2626
F: 814-237-8700
jjackson@bower-law.com

Anthony I. Paronich (*pro hac vice*)
**PARONICH LAW, P.C.**
350 Lincoln St. - Suite 2400
Hingham, MA 02043
T: 617-485-0018
anthony@paronichlaw.com

*Counsel for Plaintiff Stephanie Silvis*

Date: September 18, 2026

/s/ Ari N. Rothman
Thomas G. Collins (I.D. #75896)
Cheri A. Sparacino (I.D. #325868)
**BUCHANAN INGERSOLL & ROONEY PC**
409 North Second Street, Suite 500
Harrisburg, PA 17101
Phone: (717) 237-4843
Facsimile: (717) 233-0852
thomas.collins@bipc.com
Email: cheri.sparacino@bipc.com

Ari N. Rothman, Esquire (*pro hac vice*)
Jane B. Baber, Esquire (*pro hac vice*)
Bianca J. Volpicelli, Esquire (*pro hac vice*)
**VENABLE LLP**
600 Massachusetts Avenue NW
Washington, D.C. 20001
Phone: (202) 344-4220
anrothman@venable.com
jbbaber@venable.com
bjvolpicelli@venable.com

*Counsel for Defendant West Shore Home, LLC*

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**
**AT HARRISBURG**

| | |
|---|---|
| **STEPHANIE SILVIS**, individually and on behalf of all others similarly situated,<br>Plaintiff,<br><br>v.<br><br>**WEST SHORE HOME, LLC,**<br>Defendant. | No. 1:26-cv-01168-KMN<br><br>Honorable District Judge Keli M. Neary |

**JOINT PROPOSED STIPULATED PROTECTIVE ORDER**

IT IS HEREBY STIPULATED AND AGREED, by and between the parties Stephanie Silvis and West Shore Home, LLC, and any other persons or entities who become bound by this Protective Order by signifying their assent through execution of **Exhibit A** hereto, that the following Protective Order shall govern the handling of confidential and proprietary information produced by any party during this litigation, any related proceedings and/or appeals therefrom, if any.

**Proceedings and Information Governed**

1. The parties to this case may request or produce information involving confidential business information and trade secrets, the disclosure of which is likely to cause harm to the party producing such information. The parties may also produce information that they are prohibited from producing under contract. Therefore, this Protective Order is made for good cause shown under Fed. R. Civ. P. 26(c) because each party seeks to protect the information governed by this Protective Order and because the disclosure of such information during discovery without this Protective Order could irreparably harm the party producing such information. *Publicker Indus.,*

*Inc. v. Cohen,* 733 F.2d 1059, 1071 (3d Cir. 1984) ("Good cause is established on a showing that disclosure will work a clearly defined and serious injury to the party seeking [the protective order]."). Such a Protective Order will also "aid the progression of litigation" and is within the Court's "inherent supervisory power." *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1994). This Protective Order therefore governs any document, information, or other thing furnished by any party to any other party, including documents already produced in this action, and it includes any nonparty who receives a subpoena in connection with this action. The information protected includes, but is not limited to: answers to interrogatories; answers to requests for admission; production of documents; responses to requests for production of documents; deposition transcripts and videotapes; deposition exhibits; and other writings, documents, or things produced, given, or filed in this action that is designated by a party as "Confidential Information" or "Confidential Information – Attorneys Eyes Only" in accordance with the terms of this Protective Order, as well as to any copies, excerpts, abstracts, analyses, summaries, descriptions, or other forms of recorded information containing, reflecting, or disclosing such information.

**<u>Designation and Maintenance of Information</u>**

2. For purposes of this Protective Order, the "Confidential Information" designation means that the document or information is not publicly known and is competitively sensitive or required by law or agreement to be kept confidential. Confidential Information does not include, and this Protective Order does not apply to, information that has been disclosed to the public.

3. Documents and things produced during the course of this litigation within the scope of paragraph 2 above may be designated by the producing party as containing Confidential Information by placing on each page and each thing a legend, or otherwise conspicuously

designating electronically stored information, and by affixing the label **CONFIDENTIAL** to the document. Documents and things produced during the course of this litigation within the scope of paragraph 2 above may also be designated by the receiving party as containing Confidential Information, in which case the receiving party shall notify the producing party by email of the designation and then, within ten (10) court days of such notification, re-produce the items by placing on each page and each thing a legend, or otherwise conspicuously designating electronically stored information, and by affixing the label **CONFIDENTIAL** to the document. If the producing party disagrees with the request by the receiving party, then the dispute resolution procedures set forth in the "Challenge to Designations" section of this Protective Order, paragraph 8, shall govern.

4. For purposes of this Protective Order, the "Confidential Information – Attorneys Eyes Only" designation means that the document or information is comprised of trade secrets or commercial information that is not publicly known and is of technical or commercial advantage to its possessor, in accordance with Fed. R. Civ. P. 26(c)(1)(G). Information designated as "Confidential Information – Attorneys Eyes Only" shall be limited to information that any party, including third parties, in good faith, believes to contain: (a) current and past (to the extent they reflect on current) methods, procedures, and processes relating to the pricing and/or sale of a party's goods or services; (b) current and past (to the extent they reflect on current) marketing plans and methods; (c) current and past (to the extent they reflect on current) business planning and financial information; (d) trade secrets; (e) confidential business information; (f) past or current personnel or employee information; and (g) customer lists and customer information.

5. Documents and things produced during the course of this litigation within the scope

of paragraph 4 above, may be designated by the producing party as containing Confidential Information – Attorneys Eyes Only by placing on each page and each thing a legend, or otherwise conspicuously designating electronically stored information, and by affixing the label **CONFIDENTIAL – ATTORNEYS EYES ONLY** to the document. Documents and things produced during the course of this litigation within the scope of paragraph 4 above may also be designated by the receiving party as containing Confidential Information – Attorneys Eyes Only, in which case the receiving party shall notify the producing party by email of the designation and then, within ten (10) court days of such notification, re-produce the items by placing on each page and each thing a legend, or otherwise conspicuously designating electronically stored information, and by affixing the label **CONFIDENTIAL – ATTORNEYS EYES ONLY** to the document. If the producing party disagrees with the request by the receiving party, then the dispute resolution procedures set forth in the "Challenge to Designations" section of this Protective Order, paragraph 8, shall govern.

6. A party may designate information disclosed at a deposition as "Confidential Information" or "Confidential Information – Attorneys Eyes Only" by requesting the reporter to so designate the transcript or any portion of the transcript at the time of the deposition. If no such designation is made at the time of the deposition, each party shall have ten (10) court days after receipt of the deposition transcript to designate, in writing to all other parties (including third parties) and to the court reporter, whether portions of the transcript are to be designated as "Confidential Information" or "Confidential Information – Attorneys Eyes Only,"

and identifying the pages and lines so designated. If no such designation is made at the deposition, the entire transcript shall be treated as Confidential Information – Attorneys Eyes Only

for ten (10) court days following delivery of a final transcript. Each party and the court reporter must attach a copy of any final and timely written designation notice to the transcript, and each copy of the transcript in its possession, custody, or control, and the portions designated in such notice must thereafter be treated in accordance with this Protective Order.

**Inadvertent Failure to Designate**

7. The inadvertent failure to designate or withhold any information as confidential or privileged will not be deemed to waive a later claim as to its confidential or privileged nature, or to stop the producing party from designating such information as confidential at a later date in writing and with particularity. The information must be treated by the receiving party as confidential from the time the receiving party is notified in writing of the change in the designation.

**Challenge to Designations**

8. A receiving party may challenge a producing party's designation at any time. Any receiving party disagreeing with a designation may request in writing that the producing party change the designation. The producing party will then have ten (10) court days after receipt of a challenge notice to advise the receiving party whether it will change the designation. If the parties are unable to reach agreement after the expiration of such ten (10) court days, then the receiving party may seek, by no later than ten (10) court days after the expiration of the previous period, an order to alter the confidential status of the designated information. Until any dispute under this paragraph is ruled upon by the presiding judge, the designation will remain in full force and effect, and the information will continue to be accorded the confidential treatment required by this Protective Order. At any time, a producing party may agree to withdraw a designation without a court order, in which case the parties may use the materials without any restrictions set forth in

this Protective Order.

**<u>Disclosure and Use of Confidential Information and Confidential Information – Attorneys Eyes Only</u>**

9. Subject to paragraphs 10–11, information designated as "Confidential Information" or "Confidential Information – Attorneys Eyes Only" may only be used by a party for purposes of preparation, trial, and appeal of this action. Confidential Information and Confidential Information – Attorneys Eyes Only may not be used by a party under any circumstances for any other purpose.

10. Subject to paragraph 14 below, Confidential Information may be disclosed only to the following individuals provided that such individuals are informed of the terms of this Protective Order: (a) employees of the receiving party who are required in good faith to provide assistance in the conduct of this litigation, including any settlement discussions; (b) in-house counsel; (c) outside counsel for the receiving party; (d) supporting personnel employed by (b) and (c), such as paralegals, legal secretaries, data entry clerks, legal clerks, and private photocopying services; (e) experts or consultants; (f) any persons requested by counsel to furnish services such as document coding, image scanning, mock trial, jury profiling, translation services, court reporting services, demonstrative exhibit preparation, or the creation of any computer database from documents, provided such person executes an Agreement to Be Bound in the form attached as **Exhibit A**; (g) deposition witnesses who appear based on the document or testimony to have knowledge of the document designated as "Confidential Information"; (h) the Court, and any special masters or mediators appointed by the Court, under seal; (i) any private mediators utilized by the parties, provided such person executes an Agreement to Be Bound in the form attached as

**Exhibit A**; and (j) any governmental or regulatory body as required by law.

11. Subject to paragraph 14 below, Confidential Information – Attorneys Eyes Only may be disclosed only to the following individuals provided that such individuals are informed of the terms of this Protective Order: (a) outside counsel for the receiving party who has appeared in this action; (b) supporting personnel employed by (a), such as paralegals, legal secretaries, data entry clerks, legal clerks, and private photocopying services; (c) in-house counsel; (d) supporting personnel employed by (c), such as paralegals, legal secretaries, data entry clerks, legal clerks, and private photocopying services; (e) experts or consultants; (f) any persons requested by counsel to furnish services such as document coding, image scanning, mock trial, jury profiling, translation services, court reporting services, demonstrative exhibit preparation, or the creation of any computer database from documents, provided such person executes an Agreement to Be Bound in the form attached as **Exhibit A**; (g) deposition witnesses who appear based on the document or testimony to have knowledge of the document designated as "Confidential Information – Attorneys Eyes Only"; (h) the Court, and any special masters or mediators appointed by the Court, under seal; (i) any private mediators utilized by the parties, provided such person executes an Agreement to Be Bound in the form attached as **Exhibit A**; and (j) any governmental or regulatory body as required by law.

12. Prior to disclosing Confidential Information or Confidential Information – Attorneys Eyes Only to a proposed expert, consultant, or employees, the party intending to make the disclosure must provide to the designating party a signed Agreement to Be Bound in the form attached as **Exhibit A**, the resume or curriculum vitae of the proposed expert or consultant, the expert or consultant's business affiliation, and any current and past consulting relationships in the

industry. The designating party will thereafter have ten (10) court days from receipt of the Agreement to Be Bound to object to the production of the information to any proposed individual. The objection must be made for good cause and in writing, stating with particularity the reasons for the objection. Failure to object within ten (10) court days constitutes approval. If the parties are unable to resolve any objection, the party intending to make the disclosure may apply to the presiding judge to resolve the matter. There will be no disclosure to any proposed individual during the ten (10) court day objection period, unless that period is waived by the designating party, or if any objection is made, until the parties have resolved the objection, or the presiding judge has ruled upon any resultant motion.

13. A person who is not authorized to receive or review material designated Confidential Information or Confidential Information – Attorneys Eyes Only may not be present during depositions during which such information is such discussed and must leave the deposition while such information is discussed.

**Filing Documents With the Court**

14. A party in this action may not file any Confidential Information or Confidential Information – Attorneys Eyes Only in the public record without written permission from the designating party or a Court order secured after appropriate notice to all interested persons. If any party wishes to submit Confidential Information or Confidential Information – Attorneys Eyes Only to the Court, the submission must be filed in accordance with the applicable local rules of the presiding judge for filing documents under seal, including L.R. 5.8 which requires that no documents shall be filed under seal unless authorized by an order of the court.

**No Prejudice**

15. Producing or receiving Confidential Information or Confidential Information – Attorneys Eyes Only, entering into this Protective Order, and complying with the terms of this Protective Order, shall not: (a) operate as an admission by any party that any particular Confidential Information or Confidential Information – Attorneys Eyes Only contains or reflects trade secrets or any other type of confidential or proprietary information; (b) prejudice the rights of any party to object to the production of information or material that the party does not consider to be within the scope of discovery; (c) prejudice the rights of any party to seek a determination by the presiding judge that particular materials be produced; (d) prejudice the rights of any party to apply to the presiding judge for further protective orders; (e) prevent the parties from agreeing in writing to alter or waive the provisions or protections provided for in this Protective Order with respect to any particular information or material; or (f) prejudice any party from objecting to the admissibility of any document or thing produced pursuant to this Protective Order.

**Conclusion of Litigation**

16. Within sixty (60) calendar days after final judgment in this action, including the exhaustion of all appeals, or within sixty (60) calendar days after dismissal pursuant to a settlement agreement, each party or other person subject to the terms of this Protective Order is under an obligation to destroy or return to the designating party all materials and documents containing Confidential Information or Confidential Information – Attorneys Eyes Only, and to certify to the designating party that this destruction or return has been done. However, outside counsel for any party is entitled to retain all court papers, trial transcripts, exhibits, and attorney work product.

**Remedies**

17. This Protective Order will be enforced by the sanctions set forth in Fed. R. Civ. P. 37(b), and any other sanctions as may be available to the presiding judge, including the power to hold parties or other violators of this Protective Order in contempt. All other remedies available to any person injured by a violation of this Protective Order are fully reserved.

18. Any party may petition the presiding judge for good cause shown if the party desires relief from a term or condition of this Protective Order.

**Privileged Information and Inadvertent Production of Privileged Information**

19. If a party discloses information in connection with the litigation that the party thereafter claims to be subject to any privilege or protection including the attorney-client privilege and attorney work product doctrine (the "Privileged Information"), the disclosure of that Privileged Information will not constitute or be deemed a waiver or forfeiture—in this or any other federal, state, arbitration, or any other proceeding—of any claim of privilege or protection of any kind that the producing party would otherwise be entitled to assert with respect to the documents and things containing and/or reflecting Privileged Information.

20. Upon discovery of the inadvertent production of Privileged Information, the producing party must promptly notify the receiving party in writing that it has disclosed the Privileged Information without intending a waiver by the disclosure. The notification shall explain why the Privileged Information is covered by the attorney-client privilege, attorney work product, and/or any other privilege applies. Upon such notification, the receiving party must—unless it contests the claim of attorney-client privilege or other privilege or protection in accordance with paragraph 21—promptly notify the producing party that it will take reasonable

efforts to identify and return, or destroy (or in the case of electronically stored information, delete) the Privileged Information and any reasonably accessible copies it has.

21. If the receiving party contests the claim of attorney-client privilege or other privilege or protection, the receiving party must—within ten (10) calendar days of receipt of the notification referenced in paragraph 20—move the Court for an order finding that the material referenced in the notification does not constitute Privileged Information. The party shall request to file this motion under seal. Pending resolution of such motion, the receiving party must not use the challenged information in any way or disclose it to any person other than those required to be served with a copy of the sealed motion.

22. A receiving party is under a good-faith obligation to notify the producing party upon identification of a document that reasonably appears on its face or in light of facts known to the receiving party to be potentially privileged. Such notification shall not waive the receiving party's ability to subsequently challenge any assertion of privilege with respect to the identified document. Failure by the receiving party to notify the producing party under this subsection where the receiving party did not know and should not reasonably have known that the document was inadvertently produced shall not be a violation of this Protective Order.

23. The parties may stipulate to extend the time periods set forth in paragraph 21 without further approval of the Court.

24. The producing party retains the burden—upon challenge pursuant to paragraph 21—of establishing the privileged or protected nature of the Privileged Information.

25. Nothing in this Protective Order limits the right of any party to petition the Court for an *in camera* review of the Privileged Information.

26. The parties anticipate that certain information might be produced in connection with the claims and defenses raised by this action that might otherwise constitute Privileged Information. Any such Privileged Information may be produced pursuant to the terms of this Protective Order and, pursuant to Federal Rule of Evidence 502(d), such production shall not constitute a waiver of any privilege or protection of the Privileged Information in connection with this or any other federal or state proceeding.

**General Provisions**

27. This Protective Order, and entering into it, may not be deemed a waiver by any party of its rights to object to any discovery request on any of the grounds provided for by the Federal Rules of Civil Procedure or substantive law, including on grounds of confidentiality, relevancy, or otherwise. Thus, all parties shall retain all rights to object to any discovery or other request on any ground available to them under the law including the Federal Rules of Civil Procedure.

28. Any party may apply for modification of this Protective Order upon reasonable notice to all other parties and after counsel for the party seeking modification has contacted counsel for the other party to attempt to resolve the issue through informal negotiation.

29. If any person or entity not authorized by this Protective Order to receive material designated pursuant to this Protective Order as "Confidential Information" or "Confidential Information – Attorneys Eyes Only" (collectively, "Protected Material") seeks disclosure of Protected Material from a party through lawful subpoena, demand by governmental authority, or other legal process, the party receiving that subpoena, demand, or legal process shall, within a reasonable time and unless prohibited by law or court order, notify by (a) e-mail and (b) overnight

mail or hand delivery the party that produced or designated the Protected Material as to which disclosure is sought. Provided that notice is properly sent to a party that produced or designated the Protected Material, it will be that producing or designating party's responsibility to object to or contest the subpoena, demand, or legal process. The party receiving the subpoena shall not produce the Protected Material until the party that produced or designated the Protected Material has had reasonable time to take appropriate steps to protect the material. It shall be the responsibility of the party that produced or designated the Protected Material to obtain relief from the subpoena or order prior to the due date for compliance. To give the party that produced or designated the Protected Material an opportunity to obtain such relief, the party from whom such Protected Material is sought shall not make the disclosure before the actual due date of compliance set forth in the subpoena or order, unless the party that produced or designated the Protected Material waives compliance with this Protective Order prior to the due date or is ordered by a court to make the production.

*[Counsel and judicial signatures to follow.]*

IT IS SO STIPULATED this __________ day of ___________________, 2026

*/s/ Carly M. Roman*
Carly M. Roman (*pro hac vice*)
**STRAUSS BORRELLI PLLC**
980 N. Michigan Avenue, Suite 1610
Chicago, Illinois 60611
T: (872) 263-1100
F: (872) 263-1109
croman@straussborrelli.com

Jeremy C. Jackson (PA Bar No. 321557)
**BOWER LAW ASSOCIATES, PLLC**
Bower Law Associates, PLLC
403 South Allen Street - Suite 210
State College, PA 16801
T: 814-234-2626
F: 814-237-8700
jjackson@bower-law.com

Anthony I. Paronich (*pro hac vice*)
**PARONICH LAW, P.C.**
350 Lincoln St. - Suite 2400
Hingham, MA 02043
T: 617-485-0018
anthony@paronichlaw.com

*Counsel for Plaintiff Stephanie Silvis*

*/s/ Ari N. Rothman*
Thomas G. Collins (I.D. #75896)
Cheri A. Sparacino (I.D. #325868)
**BUCHANAN INGERSOLL & ROONEY PC**
409 North Second Street, Suite 500
Harrisburg, PA 17101
Phone: (717) 237-4843
Facsimile: (717) 233-0852
thomas.collins@bipc.com
Email: cheri.sparacino@bipc.com

Ari N. Rothman, Esquire (*pro hac vice*)
Jane B. Baber, Esquire (*pro hac vice*)
Bianca J. Volpicelli, Esquire (*pro hac vice*)
**VENABLE LLP**
600 Massachusetts Avenue NW
Washington, D.C. 20001
Phone: (202) 344-4220
anrothman@venable.com
jbbaber@venable.com
bjvolpicelli@venable.com

*Counsel for Defendant West Shore Home, LLC*

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

_________________ Date

_________________________________ Honorable District Judge Keli M. Neary

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**
**AT HARRISBURG**

| | |
|---|---|
| **STEPHANIE SILVIS**, individually and on behalf of all others similarly situated,<br>Plaintiff,<br><br>v.<br><br>**WEST SHORE HOME, LLC,**<br>Defendant. | No. 1:26-cv-01168-KMN<br><br>Honorable District Judge Keli M. Neary |

**AGREEMENT TO BE BOUND BY**
**PROTECTIVE ORDER FOR THIRD PARTIES**

I hereby affirm that:

Information, including documents and things designated as "Confidential Information" and/or "Confidential Information – Attorneys Eyes Only," as defined in the joint stipulated protective order entered in the above-captioned action ("Protective Order"), is being provided to me pursuant to the terms and restrictions of the Protective Order.

I have been given a copy of and have read the Protective Order.

I am familiar with the terms of the Protective Order, and I agree to comply with and to be bound by its terms.

I submit to the jurisdiction of this Court for enforcement of the Protective Order.

I agree not to use any Confidential Information or Confidential Information – Attorneys Eyes Only disclosed to me pursuant to the Protective Order except for purposes of the above-captioned litigation.

I agree not to disclose Confidential Information or Confidential Information – Attorneys

Eyes Only to persons, other than those specifically authorized by the Protective Order, without the express written consent of the party who designated the information or by order of the presiding judge.

**[For proposed experts]** I also agree to notify any stenographic, clerical, or technical personnel who are required to assist me of the terms of this Protective Order and of its binding effect on them and me.

**[For proposed experts]** I understand that I am to retain all documents or materials designated as or containing Confidential Information or Confidential Information – Attorneys Eyes Only in a secure manner, and that all such documents and materials are to remain in my personal custody until the completion of my assigned duties in this matter, whereupon all such documents and materials, including all copies thereof, and any writings prepared by me containing any Confidential Information or Confidential Information – Attorneys Eyes Only are to be returned to counsel who provided me with such documents and materials.

Date: ___________________ Signature: ___________________________________